IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| STEVE STAPLETON, JR. and<br>RICHARD STAPLETON,<br><br>    PLAINTIFFS,<br><br>vs.<br><br>MONUMENTAL LIFE INSURANCE<br>COMPANY,<br><br>    DEFENDANT. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | NO. _____ |

NOTICE OF REMOVAL

    Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Monumental Life Insurance Company files this Notice of Removal, stating as follows:

    1.  On November 21, 2008, the Plaintiffs commenced a civil action, which is pending in the Chancery Court of Shelby County, Tennessee under the style <u>Steve Stapleton, Jr. and Richard Stapleton v. Monumental Life Insurance Company</u>, Docket No. CH-08-2175-1. Plaintiffs' Complaint for Specific Performance and Other Relief alleges, <u>inter alia</u>, that on August 12, 2007, Plaintiffs' father, Steve Stapleton, Sr., a resident of Shelby County, Tennessee, was found dead in his home. (Compl. ¶ 4). Plaintiffs allege that they have made a claim to Monumental Life Insurance Company under a policy that they allege insured their father against the risk of accidental death and dismemberment,

which claim has been denied. (Compl. ¶¶ 5-6). Plaintiffs are seeking specific performance of the insurance contract, treble damages pursuant to the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. § 47-18-101, et seq., statutory penalties pursuant to the Tennessee bad faith statute, Tenn. Code Ann. § 56-7-105, and an award of attorneys' fees.

2. According to the certificate of death attached as Exhibit B to Plaintiffs' Complaint, Plaintiff Steve Stapleton, Jr. is a resident of Collierville, Tennessee. At all relevant times, Plaintiff Steve Stapleton, Jr. has been a Tennessee resident.

3. On or about September 5, 2007, co-Plaintiff Richard Stapleton submitted a claim form to Monumental Life Insurance Company, in which he listed his address as Southaven, Mississippi. See attached Exhibit 1. At all relevant times, co-Plaintiff Richard Stapleton has been a Mississippi resident.

4. At all relevant times, Monumental Life Insurance Company ("Monumental Life") has been an insurance company organized under the laws of Iowa, with its principal place of business in Maryland.

5. At paragraph 8 of Plaintiffs' Complaint, Plaintiffs allege that the acts and omissions of Monumental Life "complained of herein are in direct violation of the common law

of contract, the equitable principles of good faith dealing, the provisions of the Tennessee Consumer Protection Act codified at T.C.A. 47-18-101 et seq. and the provisions of T.C.A. 56-7-108 [sic], Additional liability upon insurers and bonding companies for bad-faith failure to pay promptly . . . ." (Compl. ¶ 9).

6.   In paragraph 4 of their prayer for relief, Plaintiffs likewise request that they be awarded "such damages to which Plaintiffs may be entitled in the premises in addition to the remedy of specific performance including but not limited to treble damages, attorney fees, prejudgment interest, etc." (Compl., p. 6).

7.   Although not specifically pled in the Complaint, the amount of insurance at issue under the subject policy is $50,000.00.  See attached Exhibit 1.

8.   Based on a fair reading of Plaintiffs' Complaint, including their request for an award of attorneys' fees and treble damages under the TCPA, it is clear that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See  Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 377 (6th Cir.) (including, for amount in controversy purposes, potential attorneys' fees awardable under TCPA and bad faith statute), cert. denied, 128 S.Ct. 671 (2007); Hayes v. Equitable Energy Resources Co., 266 F.3d 560, 572-73 (6th Cir. 2001).

9. Copies of the Complaint for Specific Performance and Other Relief (including exhibits) and the Summons served upon Monumental Life through the Tennessee Commissioner of Insurance are attached hereto as Exhibit 2. Exhibit 2 consists of all process and pleadings received by Monumental Life, no orders having been served upon Monumental Life.

10. The subject action is a civil action of which this Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1441 in that (a) the Plaintiffs and the Defendant are citizens of different states; (b) the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and (c) this action is within the original jurisdiction of the Court pursuant to the provisions of 28 U.S.C. § 1332.

11. Written notice of the filing of this Notice of Removal is being given to the adverse parties, and a Notice of the filing of this Notice of Removal is being filed with the Clerk of the Chancery Court of Shelby County, Tennessee. A copy of the Notice of Filing of Notice of Removal, excluding the exhibit (this Notice of Removal), is attached hereto as Exhibit 3.

12. By filing this Notice of Removal, Monumental Life does not waive, either expressly or implicitly, its right to assert any defenses and/or objections which it could have asserted in the Chancery Court of Shelby County, Tennessee.

WHEREFORE, Defendant Monumental Life Insurance Company removes to this Court the above action now pending against it in the Chancery Court of Shelby County, Tennessee.

Respectfully submitted,

BURCH, PORTER & JOHNSON, PLLC

By: s/ DeWitt M. Shy, Jr.
DeWitt M. Shy, Jr. (# 5163)
David Goodman, Jr. (# 021493)
130 North Court Avenue
Memphis, Tennessee  38103
(901) 524-5000

Attorneys for Defendant Monumental Life Insurance Company

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing was forwarded via United States Mail, postage prepaid, to Terry C. Cox, Esq., 149 South Rowlett Street, Collierville, Tennessee 38017, and F. Auston Wortman, III, Esq., 149 South Rowlett Street, Collierville, Tennessee 38017, on this the 31st day of December, 2008.

s/ DeWitt M. Shy, Jr.
DeWitt M. Shy, Jr.