

CORP LAW DEPT

STATE OF TENNESSEE
**DEPARTMENT OF COMMERCE AND INSURANCE**
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243-1131

DEC 1 0 2008

December 04, 2008

Monumental Life Insurance Company
4333 Edgewood Road Ne
Cedar Rapids, IA  52499
NAIC # 66281

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7008 1140 0002 5992 2493
Cashier # 6472

Re: Steve Stapleton, Jr. & Richard Stapleton   V.   Monumental Life Insurance Company

Docket # Ch-08-2175-1

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Breach Of Contract Complaint was served on me on December 02, 2008 by Steve Stapleton, Jr. & Richard Stapleton pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Chancery Court of  Shelby County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Chancery Court Clerk
    Shelby County
    140 Adams Street, Rm 308
    Memphis, Tn  38103

Service of Process 615.532.5260

**EXHIBIT**

2

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT AT<br>MEMPHIS | **SUMMONS** | DOCKET NUMBER<br>CH-*08-2175-1* |
|---|---|---|
| Plaintiff<br><br>Steve Stapleton, Jr. and Richard Stapleton | | Defendant<br><br>Monumental Life Insurance Company |

TO:   (NAME AND ADDRESS OF DEFENDANT)

Monumental Life Insurance Company
 Administrative Office
520 Park Ave.
Baltimore, MD 21201-4500

*C/o Commissioner of Insurance*

Method of Service:

☐ Certified Mail
☐ Shelby County Sheriff
☒ Comm. Of Insurance*
☐ Secretary of State*
☐ Out of County Sheriff*
☐ Private Process Server
☐ Other
   *Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your answer to this action must be made within thirty (30) days from the date this summons is served upon you.  You must file your answer with the Clerk of the Court and send a copy to the plaintiff's attorney at the address listed below.  If you fail to defend this action within thirty (30) days of service, judgment by default can be rendered against you for the relief sought in the complaint.

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>Cox & Wortman, PLLC<br>149 South Rowlett St.<br>Collierville, TN 38017<br>901 853-3500 | ISSUED *of November*, 20 *08*<br><br>*Dewun R. Settle*<br>Dewun R. Settle, Clerk and Master<br><br>By: _____<br>   Deputy Clerk & Master |
|---|---|

| TO THE SHERIFF: | Came to hand<br><br>_____ day of _____, 20 _____<br><br>**Sheriff** |
|---|---|

**Submit one original and one copy for each defendant to be served.

! Questions regarding this summons and the attached documents should be addressed to the Attorney listed above.

For ADA assistance only, call (901) 379-7895

09/18/07

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows:  (Name of Party Served) _____

☐ Served _____ ☐ Not Found _____
☐ Not Served _____ ☐ Other _____

DATE OF RETURN: This _____ day of _____ ,
20 ____ .

By: _____
Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____ , 20 ____ , I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____ to

the defendant _____ . On the _____ day of _____ , 20 ____ , I received the return

receipt, which had been signed by _____ on the _____ day of _____ , 20 ____ .

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

Sworn to and subscribed before me on this _____ day of _____
_____ , 20 ____ .
Signature of ____ Notary Public or ____ Deputy Court Clerk

My Commission Expires: _____

Signature of plaintiff, plaintiff's attorney or other person
authorized by statute to serve process.

## NOTICE OF PERSONAL
## PROPERTY EXEMPTION

TO THE DEFENDANT(S):
    Tennessee law provides a four thousand dollar ($4,000.00)
debtor's equity interest personal property exemption from execution or
seizure to satisfy a judgment.  If a judgment should be entered against
you in this action and you wish to claim property as exempt, you must
file a written list, under oath, of the items you wish to claim as exempt
with the clerk of the court.  The list may be filed at any time and may
be changed by you thereafter as necessary; however, unless it is filed
before the judgment becomes final, it will not be effective as to any
execution or garnishment issued prior to the filing of the list.  Certain
items are automatically exempt by law and do not need to be listed;
these include items of necessary wearing apparel (clothing) for yourself
and your family and trunks or other receptacles necessary to contain
such apparel, family portraits, the family Bible, and school books.
Should any of these items be seized you would have the right to
recover them.  If you do not understand your exemption right or how to
exercise it, you may wish to seek the counsel of a lawyer.

    Mail list to:  Clerk & Master
              140 Adams Ave.
              Room 308
              Memphis, TN 38103

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

I, Dewun R. Settle, Clerk & Master of the Chancery Court in the State
of Tennessee, Shelby County, do certify this to be a true and correct
copy of the original summons issued in this case.

Dewun R. Settle, Clerk & Master

By: _____

09/18/07

## IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE

STEVE STAPLETON, JR. AND
RICHARD STAPLETON,
    Plaintiffs,

vs.

No. _CH-08-2175-1_

**JURY DEMANDED**

MONUMENTAL LIFE INSURANCE COMPANY,
    Defendant.

### COMPLAINT FOR SPECIFIC PERFORMANCE AND OTHER RELIEF

TO THE HONORABLE CHANCELLORS OF THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE

Come now Steve Stapleton and Richard Stapleton, Plaintiffs, and would show unto this Honorable Court as follows:

1.    Plaintiffs are the natural children of Steve Stapleton, Sr. who died on August 12, 2007 in Shelby County, Tennessee and who was a resident citizen of Shelby County, Tennessee at all times herein relevant.

2.    Monumental Life Insurance Company is a Maryland insurance company authorized to do business in the State of Tennessee and whose agent for service of process is the Tennessee Commissioner of Insurance. Monumental Life Insurance Company is hereinafter sometimes referred to as "the Company."

3.  On or about February 1, 2005 the Company issued its policy number MZ0910095H0001F to Steve Stapleton, Sr. insuring him against the risk of accidental death and dismemberment. The beneficiaries under said policy are Steve Stapleton and Richard Stapleton. A copy of the subject policy together with the Company's declarations page are attached hereto as collective Exhibit A. The policy was in full force and effect at all times relevant hereto. In pertinent part the policy states:

> ACCIDENTAL DEATH BENEFIT
> When we receive due proof that a Covered Person dies, we will pay the benefit shown on the Schedule of Benefits to his named Beneficiary; provided:
> (1)    death occurs as a direct result of an Injury; and
> (2)    death occurs within 365 days of the accident causing the Injury.
> ...
>
> WHEN THERE IS A CLAIM
> PAYMENT OF CLAIMS. Claims for benefits provided by the Policy will be paid as soon as written proof is received.
> Benefits for Loss of life will be paid in accordance with the Beneficiary designation in effect at the time of payment....
>
> EXCLUSIONS
> We will not pay a benefit for a Loss which is caused by, results from, or contributed to by:
> ...
> •    alcohol intoxication, as defined in the state where the accident causing the Injury occurred.

4.  On August 12, 2007, Steve Stapleton, Sr. was found dead in his home in Germantown lying on the sofa face down. The Germantown police were called

to the scene.  The police did not observe any forced entry into the residence. The body was then taken to the medical examiner's office for examination.  The medical examiner conducted an autopsy and issued the Autopsy Report.  The medical examiner reported the pathological diagnosis as "Exanguination" and "Blunt force injury of the head" in the death certificate.  A copy of the death certificate is attached hereto as Exhibit B.

5.     During September 2007, Plaintiffs made claim to the Company for payment of the death benefit under claim #07003763.

6.     By letter dated November 29, 2007, the Company refused to pay the benefit. The letter of denial issued by the Company, a copy of which is attached hereto as Exhibit C, provides, in pertinent part:

> "Our Medical Consultant has reviewed the complete claim and is of the opinion based on the medical records, the autopsy and toxicology reports that Mr. Stapleton's blood alcohol level of .426% would have affected the judgment and coordination while walking. Our Medical Consultant has concluded that Mr. Stapleton's death would not have occurred except for chronic alcoholism, alcohol liver disease, coagulopathy, acute alcohol intoxication complicated abnormal cardiac arrhythmia related to alcoholic heart disease. Extremely high alcohol levels at peripheral blood and vitreous where severe incapitation / intoxication described with seizure activity, stupor, coma and death.
>
> "Based on the information submitted including the death certificate and the opinion of our Medical Consultant, there is no evidence that an accidental bodily injury was the direct cause of death or which lead to Mr. Stapleton's death.  Since the policy specifically excludes death caused by, resulting from or

contributed to by sickness or its medical or surgical treatment and alcohol intoxication, as defined in the state where the accident causing the injury occurred, this loss is not covered.  We are therefore unable to provide benefits for this loss and must deny the claim."

7.    Plaintiff submits that the refusal of the Company to pay the benefit under the policy is in bad faith and is in direct violation of the provisions of the policy in the following particular regards:

a.    The cause of death, i.e. "Exanguination associated with blunt force injury of the head...", was not excluded from coverage under the terms of the policy.

b.    The company relies on the blood alcohol level reading of .426% to avoid payment and improperly expand the contractual basis for denial of the claim.

8.    Plaintiff further submits that the reliance of the Company upon the blood alcohol reading of .426% is in bad faith and is otherwise inappropriate in the following particular regards:

a.    The blood alcohol level reading is so high as to be obviously unreliable.

9.    The acts and omissions of the Company complained of herein are in direct violation of the common law of contract, the equitable principles of good faith dealing, the provisions of Tennessee Consumer Protection Act codified at T.C.A. 47-18-101 et. seq. and the provisions of T.C.A. 56-7-108, Additional liability upon insurers and bonding companies for bad-faith failure to pay promptly, which was

in full force and effect at all times relevant hereto and which provides in pertinent

part as follows:

> (a) The insurance companies of this state, and foreign insurance companies and other persons or corporations doing an insurance or fidelity bonding business in this state, in all cases when a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy or fidelity bond on which the loss occurred, shall be liable to pay the holder of the policy or fidelity bond, in addition to the loss and interest thereon, a sum not exceeding twenty-five percent (25%) on the liability for the loss; provided, that it is made to appear to the court or jury trying the case that the refusal to pay the loss was not in good faith, and that such failure to pay inflicted additional expense, loss, or injury including attorney fees upon the holder of the policy or fidelity bond; and provided further, that such additional liability, within the limit prescribed, shall, in the discretion of the court or jury trying the case, be measured by the additional expense, loss, and injury including attorney fees thus entailed

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:

1.   That proper process issue upon Defendant requiring that Defendant respond as required under the Tennessee Rules of Civil Procedure.

2.   That the issues be tried to a jury when they have been joined.

3.   That the said insurance policy be specifically performed by order of this Honorable Court and that any and all orders and process necessary to that end be made and awarded by this Honorable Court and duly enforced.

4.     That this Honorable Court award Plaintiff such damages to which Plaintiffs may be entitled in the premises in addition to the remedy of specific performance including but not limited to treble damages, attorney fees, prejudgment interest, etc.

5.     For such other and further relief to which Plaintiffs may be entitled in the premises.

Respectfully Submitted,

Steve Stapleton, Jr.

Richard Stapleton

Of Counsel:

Terry C. Cox, BPR #006386
Attorney for Plaintiffs
149 South Rowlett Street
Collierville, TN 38017
(901)-853-3500
(901)-853-3525 – fax

F. Auston Wortman, III, BPR #024808
Attorney for Plaintiffs
149 South Rowlett Street
Collierville, TN 38017
(901)-853-3500
(901)-853-3525 – fax

STATE OF TENNESSEE

COUNTY OF SHELBY

On this, the _31_ day of _October_, 200_8_, before me personally appeared STEVE STAPLETON, JR., to me known to be the person described in and who executed the foregoing instrument and acknowledged that they executed the same as their free act and deed.

_____
NOTARY PUBLIC

My Commission Expires:

_April 26, 2011_


STATE OF _MS_

COUNTY OF _Coahoma_

On this, the _10_ day of _Nov_, 200_8_, before me personally appeared RICHARD STAPLETON, to me known to be the person described in and who executed the foregoing instrument and acknowledged that they executed the same as their free act and deed.

_____
NOTARY PUBLIC

My Commission Expires:

MISSISSIPPI STATEWIDE NOTARY PUBLIC
MY COMMISSION EXPIRES MARCH 10, 2010

_____

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true copy of the foregoing has been mailed, postage prepaid, to the Tennessee Commissioner of Insurance, State of Tennessee, Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, TN 37243-1131 with a $15.00 check for service fees this ___21___ day of _November_, 20_08_.

F. Auston Wortman, III

# EXHIBIT A



Direct Response Division
Administrative Offices
520 Park Avenue
Baltimore, MD 21201

We certify that, subject to the terms of the Policy, the Member named in the Certificate Schedule (referred to as you, your, and yours) is insured for the benefits described in this Certificate. Your eligible Dependent, if any, for whom premiums have been paid is also insured for the benefits described in this Certificate. You and your Dependent are referred to as the Covered Person.

The insurance takes effect at 12:01 A.M. Standard Time on the Effective Date shown in the Certificate Schedule.

In this Certificate, Monumental Life Insurance Company will be called we, our, or us. This Certificate summarizes certain provisions of the Policy. All coverages and provisions are subject to those in the Policy issued to the Policyholder.

**THIRTY DAY RIGHT TO EXAMINE CERTIFICATE**  If you are not satisfied for any reason, you may return your Certificate within 30 days after receipt. When so returned your premium will be refunded and the Certificate is void from the beginning. Return the Certificate to us at our Home Office or to our authorized agent.

Our President and Secretary witness this Certificate.

### PLEASE READ YOUR ACCIDENTAL DEATH INSURANCE CERTIFICATE CAREFULLY

**Secretary**

**President**

### SCHEDULE OF BENEFITS

Underwritten by: Monumental Life Insurance Company

Insurance Benefits are determined by this schedule and the terms of the Policy.

ACCIDENT INSURANCE BENEFIT
    Contributory Accidental Death
        An Amount of Insurance as selected by you from $10,000 to $250,000.

| Your Age at Death | Benefit Payable |
|---|---|
| Under 70 | 100% |
| 70 to 74 | 50% |
| 75 to 79 | 25% |
| 80 and over | 12.5% |

Dependent spouse is insured for 50% of your benefit if children are covered. Dependent spouse is insured for 60% of your benefit if children are not covered.
Dependent child is insured for 20% of your benefit if spouse is covered. Dependent child is insured for 25% of your benefit if spouse is not covered.

| ADDITIONAL BENEFITS | AMOUNTS & LIMITS |
|---|---|

Amount of Insurance, as used in the Policy and any attached Riders, refers to the original Contributory Accidental Death coverage and any subsequent increases in coverage, as elected by you.

| | |
|---|---|
| Education Benefit | 2% of the amount of insurance for each qualifying child for each uncompleted year of education up to $5,000 per year up to 4 years. |
| Accident Hospital Indemnity | 1% of the amount of insurance up to $1,000 per month. Elimination/Waiting Period: 7 continuous days. The daily benefit is equal to 1/30th of the monthly benefit. Maximum Benefit Period - 12 months. |
| Common Carrier Death Benefit | An additional benefit of $25,000 will be paid to your beneficiary. |
| Dismemberment Benefit | Benefit is as shown on Rider. |

AD1000GCM

MZ0010005H0001E

## DEFINITIONS

When used in this Certificate, the following words and phrases have the meaning given. The use of any personal pronoun includes both genders.

**BENEFICIARY** means the person or entity named by the insured Member, on forms and in a manner approved by us, to receive benefits.

**COMMON CARRIER** means a licensed public conveyance operated for the regular transport of passengers.

**CONFINED OR CONFINEMENT** means that the Covered Person is a registered bed patient in a Hospital and is charged room and board by the Hospital. He must be in the Hospital on the advice of a Physician and under the regular care and treatment of a Physician. Confinement does not include treatment received in the outpatient department of the Hospital. Outpatient treatment means service rendered for a period of less than 24 hours.

**DEPENDENT** means your spouse, unless you are legally separated; your unmarried children from birth and under age 19; or under age 25, if enrolled as a full-time student in an accredited college, university, vocational or technical school; and children whose support is required by a court decree.

Children include natural children, stepchildren and legally adopted children. They must be primarily dependent on you for support and maintenance and must live in a parent-child relationship with you.

A spouse or child who is insured under the Policy as a Member will not be eligible as a Dependent. If a husband and wife are both insured as Members, a child will be the Dependent of only one.

**GROUP POLICY** means the contract issued to the Policyholder providing the benefits described.

**HOSPITAL** means an institution which meets all of the following requirements:

    (1)    it must be operated according to law;

    (2)    it must give 24 hour medical care, diagnosis and treatment to the sick or injured on an in-patient basis for which a charge is made;

    (3)    it must provide diagnostic and surgical facilities supervised by Physicians;

    (4)    Registered Nurses must be on 24 hour call or duty;

    (5)    the care must be given either on the Hospital's premises or in facilities available to the Hospital on a pre-arranged basis.

A Hospital is not a rest, convalescent, extended care, rehabilitation or other nursing facility. It is not a place which primarily treats mental illness, alcoholism or drug addiction; nor does it include any ward, wing or other section of the Hospital that is used for such purposes. It is not a facility where, in the absence of insurance, there is no legal obligation to pay.

**INJURY** means bodily injury caused by an accident. The accident must occur while the Covered Person's insurance is in force under the Policy. The Injury must be the direct cause of the Loss and must be independent of all other causes. The Injury must not be caused by or contributed to by Sickness.

**LOSS** means the death of the Covered Person or any physical impairment, incurred expense, or other benefit covered under the terms of the Policy and any attached Riders.

**NURSE** means a Registered Graduate Nurse (R.N.), Licensed Practical Nurse (L.P.N.), or Licensed Vocational Nurse (L.V.N.). A Covered Person's immediate family or other household members will not be considered a Nurse.

**PARTICIPATING ORGANIZATION** means an Organization which has signed a Participation Agreement adopting the Policyholder's plan of insurance.

**PHYSICIAN** means a person licensed by the state in which he is a resident to practice the healing arts. He must be practicing within the scope of his license for the service or treatment given. The Physician may not be you or a member of your immediate family.

**POLICYHOLDER** means the legal entity in whose name the Policy is issued, as shown on the Schedule of Benefits.

**SICKNESS** means an illness or disease which results in a covered Loss while insurance for the Covered Person is in force under the Policy.

## CHANGES IN COVERAGE

If, after your Effective Date of Insurance, you add an eligible Dependent or request a change in benefits for a Covered Person, the Effective Date of Insurance for the new coverage will begin the beginning of the Policy Month following our acceptance of the enrollment form or change request, subject to the payment of any additional required premium.

**NEWBORN DEPENDENTS.** Newborn Dependents are covered from birth, however, any required premium must be paid within 31 days from birth to continue coverage beyond 31 days.

## ACCIDENTAL DEATH BENEFIT

When we receive due proof that a Covered Person dies, we will pay the benefit shown on the Schedule of Benefits to his named Beneficiary; provided:

    (1)    death occurs as a direct result of an Injury; and

    (2)    death occurs within 365 days of the accident causing the Injury.

## EXPOSURE AND DISAPPEARANCE

If by reason of an accident covered by the Policy a Covered Person is unavoidably exposed to the elements and, as a result of such exposure, suffers a covered Loss and a benefit is otherwise payable, the Loss will be covered by the Policy.

If a Covered Person is involved in an accident which results in the sinking or wrecking of a licensed public conveyance in which he was a passenger and his body is not located within one year of such accident, it will be presumed that the Covered Person died as a result of an Injury.

2

## EXCLUSIONS

We will not pay a benefit for a Loss which is caused by, results from, or contributed to by:

- suicide, attempted suicide or intentionally self-inflicted Injury, while sane or insane (in Missouri while sane).
- declared or undeclared war or any act of war.
- participating in a riot; committing an assault or felony.
- Sickness or its medical or surgical treatment, including diagnosis.
- bacterial infection except through a wound accidentally sustained.
- operating or riding in any aircraft except as a fare-paying passenger on a regularly scheduled commercial flight or as a passenger in a transport plane operated by the Air Mobility Command (AMC) of the United States of America.
- alcohol intoxication, as defined in the state where the accident causing the Injury occurred.
- taking of any drug, medication, narcotic, or hallucinogen, unless as prescribed by a Physician.
- taking of alcohol in combination with any drug, medication, or sedative.
- voluntary gas inhalation or poison voluntarily taken, administered, or inhaled.
- riding or driving as a professional in any kind of race for prize money or profit.

## WHEN COVERAGE ENDS

A Covered Person's insurance automatically ends on the first of the following dates:

(1)      The date the Policy is terminated.
(2)      The premium due date you fail to pay the required premium, except as provided in the Grace Period.

Your Dependent's insurance automatically ends on the first of the following dates:

(1)      The date your coverage terminates, except as provided in the Continuance of Dependent Insurance provision; or
(2)      The premium due date after a Covered Person ceases to be an eligible Dependent.

If an insured Dependent child attains the specified age limit and proof is submitted within 31 days that the child:

(1)      is not able to become gainfully employed because of mental retardation or physical handicap;
(2)      became so incapable prior to the age limit; and
(3)      is primarily dependent on you for support and maintenance,

then the age limit will not apply as long as the child continues to meet these conditions.  The child will be insured for the same benefits he previously had.  Proof of continued disability and dependency may be required but not more often than once a year.  Such child's insurance will not continue beyond the date it would otherwise end.

**CONTINUANCE OF DEPENDENT INSURANCE.**  If you die while insured under the Policy, your spouse may continue coverage if insured.  Coverage may also continue for any Dependent children covered at the time of your death at the applicable premium.  However, if there is no spouse upon your death, coverage for Dependent children will end.

Termination of the Policy will not prejudice any claim originating prior to termination, subject to all other terms of the Policy.

## PREMIUMS

We provide insurance coverage in return for premium payment.  Premiums are payable by you.  Your first premium is due on your Effective Date.  Premiums are paid to us on or before the due date.  The initial monthly premium rates are shown on your Certificate Schedule.

**PREMIUM CHANGES.**  We have the right to change the premium rates on any premium due date.  We will provide written notice at least 31 days before the date of change.  The premium rates may also be changed at any time the terms of the Policy are changed.

**GRACE PERIOD.**  You have a 31 day Grace Period for the payment of each premium due after the first premium.  Coverage will continue in force during the Grace Period.  It will terminate at the end of the Grace Period if all premiums which are due are not paid.  We will require payment of all premiums for the period this coverage continues in force including the premiums for the Grace Period.

**UNPAID PREMIUM.**  When a claim is paid for expenses incurred during the Grace Period, any premium due and unpaid may be deducted from the claim payment.

## GENERAL PROVISIONS

**BENEFICIARY CHANGES.**  You may name any person to be your Beneficiary at the time of enrollment.  You may change your Beneficiary at any time.  When we receive and record the change request, it will take effect as of the date you signed it.  If you die prior to the date we receive and record the change, any payment we make to the new Beneficiary will be valid.  The prior Beneficiary's interest ends the date the new designation takes effect.

If more than one Beneficiary is named without stating their respective interests, they will share equally.  If a Beneficiary dies before you, that interest ends.  The Beneficiaries that survive will share equally, unless you make a written request to the contrary.

You are your Dependent's Beneficiary.  If you die before your Dependent, any benefit for the Dependent will be paid to the first surviving class of the following:  the Dependent's:  spouse, children, parents, brothers and sisters, executors or administrators.

**INCONTESTABILITY.**  No statement made by you can be used in a contest after your insurance has been in force two years during your lifetime.  No statement you make can be used in a contest unless it is in writing and signed by you.

**MISSTATEMENT OF AGE.**  If the age of a Covered Person has been misstated in the enrollment form for insurance under the Policy, the benefits payable will be those which the premiums paid would have purchased based upon his correct age; otherwise, there will be an equitable adjustment of premiums.

**OTHER INSURANCE IN THIS COMPANY.** The Covered Person may have only an aggregate of $1,000,000 of accidental death insurance in force with us or any other AEGON, U.S.A. Inc. affiliate at one time. If we determine that accidental death insurance is in force in excess of this amount, the Covered Person must choose which coverage he wants to remain active. All other insurance will be terminated. All premiums paid for canceled certificates or policies will be returned to you.

**RIGHT TO EXAMINE.** The Policy is in the possession of the Policyholder; it will be available to be inspected by you at any time during business hours at the Policyholder's office.

### WHEN THERE IS A CLAIM

**NOTICE OF CLAIM.** We must be given written notice of claim within 20 days after a covered Loss occurs. If notice cannot be given within that time, it must be given as soon as reasonably possible.

The notice must contain the Covered Person's name and enough information to identify him. Notice may be mailed to our Home Office or to our agent.

**CLAIM FORMS.** When we receive notice of claim, the claimant will be sent forms to file Proof of Loss. If the forms are not sent within 15 days after we receive notice, then the claimant will meet the Proof of Loss requirements by giving us a written statement of the nature and extent of the Loss. This must be sent to us within the time limit stated in the Proof of Loss provision.

**PROOF OF LOSS.** Written proof must be sent to us within 90 days after the date the Loss occurs. If it was not reasonably possible to give us written proof within 90 days, we will not reduce or deny a claim for this reason, if it is shown that written proof of the Loss was given as soon as reasonably possible.

**PAYMENT OF CLAIMS.** Claims for benefits provided by the Policy will be paid as soon as written proof is received.

Benefits for Loss of life will be paid in accordance with the Beneficiary designation in effect at the time of payment. All other benefits are paid directly to the Covered Person, unless otherwise directed. If a benefit is unpaid at his death or if we feel he is not able to give a valid receipt for payment, we may pay an amount up to $1,000 to any relative by blood or marriage who we deem to be equitably entitled.

If a Beneficiary is a minor and there is no parent or legal guardian, or if he cannot give a valid release, the benefit will be paid as follows: to the person or institution we decide has assumed custody or support of the Beneficiary.

Any payment that we make in good faith will fully discharge us to the extent of that payment.

**RIGHT OF RECOVERY.** If payment for claims exceed the maximum amount payable under any benefit provisions or riders of the Policy, we have the right to recover the excess of such payments.

**PHYSICAL EXAMINATION AND AUTOPSY.** At our expense, we have the right to have the Covered Person examined as often as necessary while a claim is pending. At our expense, we may require an autopsy unless the law forbids it.

**LEGAL ACTIONS.** No legal action may be brought to recover against the Policy within 60 days after written Proof of Loss has been given. No such action will be brought after three years from the time written Proof of Loss is required to be given.

If a time limit of the Policy is less than allowed by the laws of the state where the Covered Person lives, the limit is extended to meet the minimum time allowed by such law.

AD1000GCM                                                                                          MZ0910095H0001F

### EDUCATION BENEFIT RIDER

This Education Benefit Rider is a part of the Certificate to which it is attached. It is issued in consideration of the application and the continued payment of the required premium.

> Upon receipt of due proof of the Member's death, we will pay the benefit shown on the Schedule for each Dependent child. The benefit payable is subject to the following conditions:
>
> (1)   a death benefit must be payable under the terms of the Policy;
> (2)   the Member must be enrolled and paying premium for Dependent coverage on the date of the accident causing the Injury; and
> (3)   the Dependent child must be attending or enrolled to attend an institution of higher learning beyond the 12th grade level, as a full-time student, on the date of the accident causing the Injury.
>
> Benefits provided in this Rider are paid in addition to the Amount of Insurance shown on the Schedule.

Benefits are subject to all terms and conditions of the Policy. This Rider does not waive, alter or extend any provisions or limitations of the Policy except to the extent shown above.

This Rider takes effect and expires concurrently with the Certificate to which it is attached.

Monumental Life Insurance Company<br>Baltimore, Maryland

*N Stacy Boyer*
**Secretary**

*Henry G Hogan*
**President**

AD1002CRM

4

## ACCIDENT HOSPITAL INDEMNITY BENEFIT RIDER

This Accident Hospital Indemnity Benefit Rider is a part of the Certificate to which it is attached.  It is issued in consideration of the application and the continued payment of the required premium.

Upon receipt of due proof that a Covered Person is Confined as a result of an Injury which occurs while insurance is in force, we will pay the benefit shown on the Schedule.  The benefit payable is subject to the following conditions:

The Confinement must begin within 365 days of the accident causing the Injury and while insurance is in force for the Covered Person.

Benefits begin on the first day of Confinement which follows the end of the Waiting Period and will be paid retroactively to the first day of Confinement.

The Covered Person will receive benefits as long as he is Confined up to the Maximum Benefit Period specified in the Schedule for each period of Confinement.

One thirtieth of the monthly benefit will be paid for each day of a partial month of Confinement.

Successive periods of Confinement will be considered as separate periods of Confinement; unless:

(1)     the new period of Confinement is due to the same cause or causes as the prior one; and
(2)     the new period of Confinement starts less than 365 days after the prior one stopped.

For the purposes of this benefit only, treatment in an emergency room, as the result of an Injury, will be considered the same as one day of Hospital Confinement.

Benefits provided by this Rider are paid in addition to the Amount of Insurance shown on the Schedule.

Benefits are subject to all terms and conditions of the Policy.  This Rider does not waive, alter or extend any provisions or limitations of the Policy except to the extent shown above.

This Rider takes effect and expires concurrently with the Certificate to which it is attached.

Monumental Life Insurance Company
Baltimore, Maryland

*Secretary*                                                                                         *President*

AD1004CRM

## COMMON CARRIER DEATH BENEFIT RIDER

This Common Carrier Death Benefit Rider is a part of the Certificate to which it is attached.  It is issued in consideration of the application and the continued payment of the required premium.

Upon receipt of due proof of the Covered Person's death, we will pay the benefit shown on the Schedule.  The benefit payable is subject to the following conditions:

(1)     a death benefit must be payable under the terms of the Policy; and
(2)     the accident causing the Injury must occur while riding as a fare paying passenger in or on a licensed
          public conveyance operated by a Common Carrier for the regular transport of passengers.

Benefits provided by this Rider are paid in addition to the Amount of Insurance shown on the Schedule.

Benefits are subject to all terms and conditions of the Policy.  This Rider does not waive, alter or extend any provisions or limitations of the Policy except to the extent shown above.

This Rider takes effect and expires concurrently with the Certificate to which it is attached.

Monumental Life Insurance Company
Baltimore, Maryland

*Secretary*                                                                                         *President*

AD1005CRM

## DISMEMBERMENT BENEFIT RIDER

This Dismemberment Benefit Rider is a part of the Certificate to which it is attached.  It is issued in consideration of the application and the continued payment of the required premium.

Upon receipt of due proof that a Covered Person suffers a loss shown in the Table below, we will pay the benefit shown in the Table below.  The benefit payable is subject to the following conditions:

(1)     the loss must occur as a direct result of an Injury; and
(2)     the loss must occur within 365 days of the accident causing the Injury.

5

## NOTICE CONCERNING COVERAGE
## LIMIT.    ONS AND EXCLUSIONS UNDER THE L.    AND
## HEALTH INSURANCE GUARANTY ASSOCIATION ACT

Residents of Tennessee who purchase life insurance, annuities or health insurance should know that the insurance companies licensed in this state to write these types of coverages are members of the Tennessee Life and Health Insurance Guaranty Association. The purpose of this Association is to assure that policyholders will be protected, within limits, in the unlikely event that a member insurer becomes financially unable to meet its obligations. If this should happen, the Guaranty Association will assess its other member insurance companies for the money to pay the claims of insured persons who live in this state and, in some cases, to keep coverage in force. The valuable extra protection provided by these insurers through the Guaranty Association is not unlimited, however. And, as noted in the box below, this protection is not a replacement for consumers' care in selecting companies that are well-managed and financially stable.

> The Tennessee Life and Health Insurance Guaranty Association may not provide coverage for this policy. If coverage is provided, it may be subject to substantial limitations or exclusions, and require continued residency in Tennessee. You should not rely on coverage by the Tennessee Life and Health Insurance Guaranty Association in selecting an insurance company or in selecting an insurance policy.
>
> Coverage is NOT provided for your policy or any portion of it that is not guaranteed by the insurer or for which you have assumed the risk, such as a variable contract sold by prospectus.
>
> Insurance companies or their agents are required by law to give or send you this notice. However, insurance companies and their agents are prohibited by law from using the existence of the Guaranty Association to induce you to purchase any kind of insurance policy.
>
> Tennessee Life and Health Insurance Guaranty Association
> 511 Union Street, 25th Floor
> Nashville, Tennessee 37219
> Tennessee Department of Commerce and Insurance
> 500 James Robertson Parkway
> Nashville, Tennessee 37243 - 0565

The state law that provides for this safety-net coverage is called the Tennessee Life and Health Insurance Guaranty Association Act. Below is a brief summary of this law's coverages, exclusions and limits. This summary does not cover all provisions of the law; nor does it in any way change anyone's rights or obligations under the Act or the rights or obligations of the Guaranty Association.

## COVERAGE
Generally, individuals will be protected by the Life and Health Insurance Guaranty Association if they live in this state and hold a life or health insurance contract, or an annuity, or if they are insured under a group insurance contract, issued by an insurer authorized to conduct business in Tennessee. The beneficiaries, payees or assignees of the insured persons are protected as well, even if they live in another state.

## EXCLUSIONS FROM COVERAGE
However, persons holding such policies are not protected by this Association if:
(1)   they are eligible for protection under the laws of another state (this may occur when the insolvent insurer was incorporated in another state whose guaranty association protects insureds who live in another state);
(2)   the insurer was not authorized to do business in this state;
(3)   their policy was issued by a nonprofit hospital or medical service organization (the "Blues"), an HMO, a fraternal benefit society, a mandatory state pooling plan, a mutual assessment company or similar plan in which the policyholder is subject to future assessments, or by an insurance exchange.

The Association does not provide coverage for:
(1)   any policy or portion of a policy which is not guaranteed by the insurer or for which the individual has assumed the risk, such as a variable contract sold by prospectus;
(2)   any policy of reinsurance (unless an assumption certificate was issued);
(3)   interest rate yields that exceed an average rate;
(4)   dividends;
(5)   credits given in conjunction with the administration of a policy by a group contractholder;
(6)   employers' plans to the extent they are self-funded (that is, not insured by an insurance company, even if an insurance company administers them);
(7)   unallocated annuity contracts (which give rights to group contractholders, not individuals), unless qualified under Section 403(b) of the Internal Revenue Code, except that, even if qualified under Section 403(b), unallocated annuities issued to employee benefit plans protected by the federal Pension Benefit Guaranty Corporation are not covered.

## LIMITS ON THE AMOUNT OF COVERAGE
The Act also limits the amount the Association is obligated to pay out: The Association cannot pay more than what the insurance company would owe under a policy or contract. Also, for any one insured life, the Association will pay a maximum of $300,000 no matter how many policies and contracts there were with the same company, even if they provided different types of coverages. Within this $300,000 limit, the Association will not pay more than $100,000 in cash surrender values, $100,000 in health insurance benefits, $100,000 in present value of annuities, or $300,000 in life insurance benefits - again, no matter how many policies and contracts there were with the same company, and no matter how many different types of coverages.

# EXHIBIT B

## STATE OF TENNESSEE
### Office of Vital Records

**TENNESSEE DEPARTMENT OF HEALTH**
**CERTIFICATE OF DEATH**

**DECEDENT**

1. DECEDENT'S NAME (First, Middle, Last): Steve Stapleton, Sr.
2. SEX: Male
3. DATE OF DEATH (Month, Day, Year): August 12, 2007
4. SOCIAL SECURITY NUMBER: 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
5. AGE: 66
6. DATE OF BIRTH (Month, Day, Year): Aug. 25, 1940
7. BIRTHPLACE (City and State or Foreign Country): Memphis, TN

8. WAS DECEDENT EVER IN U.S. ARMED FORCES? Yes [X]
9. PLACE OF DEATH: Other (Specify) [X]
10. FACILITY NAME (If not institution, give street and number): 1628 Shadowmoss Lane
11. CITY, TOWN, OR LOCATION OF DEATH: Germantown
12. COUNTY OF DEATH: Shelby

13. MARITAL STATUS: Divorced
14. SURVIVING SPOUSE: None
15. DECEDENT'S USUAL OCCUPATION: Otis Elevator
16. KIND OF BUSINESS/INDUSTRY: Elevator Company

13a. RESIDENCE-STATE: TN
13b. COUNTY: Shelby
13c. CITY, TOWN OR LOCATION: Germantown
13d. STREET AND NUMBER OR RURAL LOCATION: 1628 Shadowmoss Lane

13e. INSIDE CITY LIMITS? Yes [X]
13f. ZIP CODE: 38138
14. WAS DECEDENT OF HISPANIC ORIGIN? No [X]
15. RACE: White
16. DECEDENT'S EDUCATION: 12

**PARENTS**

17. FATHER'S NAME (First, Middle, Last): Ullis Tate Stapleton, Jr.
18. MOTHER'S NAME (First, Middle, Maiden Surname): Mattie Olene Jowers

**INFORMANT**

19. INFORMANT'S NAME (Type/Print): Steve Stapleton, Jr.
20. RELATIONSHIP TO DECEDENT: Son
21. MAILING ADDRESS (Street and Number or Rural Route Number, City or Town, State, Zip Code): 1093 Millspring Cove Collierville, Tn. 38017

**DISPOSITION**

20a. METHOD OF DISPOSITION: Burial [X]
20b. PLACE OF DISPOSITION (Name of cemetery, crematory, or other place): Magnolia Cemetery
20c. LOCATION-City or Town, State: Collierville, TN

21a. SIGNATURE OF FUNERAL DIRECTOR: Charles W. Hoover, III
21b. LICENSE NUMBER: 5732
No Embalming
N/A

22. NAME AND ADDRESS OF FUNERAL HOME: Family Funeral Care P.O. Box 17069, Memphis, TN 38187-0069
22. LICENSE NUMBER OF FUNERAL HOME: 1034

**REGISTRAR**

23. REGISTRAR'S SIGNATURE
24. DATE FILED (Month, Day, Year): Aug. 20, 2007

**CERTIFIER**

25a. PHYSICIAN
25b. LICENSE NUMBER
25c. DATE SIGNED (Month, Day, Year)

26a. MEDICAL EXAMINER
26b. LICENSE NUMBER: 40981
26c. DATE SIGNED (Month, Day, Year): 08/13/2007

27. NAME AND ADDRESS OF CERTIFIER (PHYSICIAN OR MEDICAL EXAMINER) (Type/Print): Lisa Funte, M.D., Ph.D; 1060 Madison Avenue, Memphis, TN 38104; 2007-1916

**CAUSE OF DEATH**

28. PART I.
IMMEDIATE CAUSE: a. Exanguination
DUE TO (OR AS A CONSEQUENCE OF): b. Blunt force injury of the head

PART II. Other significant conditions contributing to death but not resulting in the underlying cause given in Part I: Vertigo, Alcoholic dilated cardiomyopathy

29a. WAS AN AUTOPSY PERFORMED? No [X]
29b. WERE AUTOPSY FINDINGS AVAILABLE PRIOR TO COMPLETION OF CAUSE OF DEATH? No [X]

30. MANNER OF DEATH: Accident [X]
31a. DATE OF INJURY (Month, Day, Year): Unknown
31b. TIME OF INJURY
31c. INJURY AT WORK? No [X]
31d. DESCRIBE HOW INJURY OCCURRED: Fell at home.

31e. PLACE OF INJURY (At home, farm, street, factory, office building, etc. (Specify)): Condominium Residence
31f. LOCATION (Street and Number or Rural Route Number, City or Town, State): 1628 Shadowmoss Lane, Germantown, TN

PH-1658 (REV. 6/99)

---

2488517

I hereby certify the above to be a true and correct copy of the original document on file in this department. This certified copy is valid only when printed on security paper showing the red embossed seal of the Department of Health. Alteration or erasure voids this certification.
Tennessee Code Annotated 68-3-101 et seq., Vital Records Act of 1977.



Cassandra L. Brown
**Cassandra L. Brown**
Local Registrar
Shelby County

AUG 21 2007
Date Issued

Sharon M. Leinbach
STATE REGISTRAR

**CERTIFICATION OF VITAL RECORD**

# EXHIBIT C



Life and Health Claims P      using Department
P. O. Box 17004, MS #A370
Baltimore, MD 21297-0428

November 29, 2007

Mr. Steve Stapleton, Jr.
1093 Mills Spring Cove
Collierville, TN 38017

Ref:   **Steve Stapleton, Sr.**
       **Policy # MZ0910095H0001F (Group Accidental Death Coverage)**
       **Cert # 003478777**
       **Claim # 07003763**

Dear Mr. Stapleton:

We have completed our investigation relative to the above referenced claim on your father, Steve Stapleton, Sr.

Based on our review and careful consideration of the facts we have determined that we must deny the claim for benefits based on the following provisions and limitations of the above referenced policy.

Under the **ACCIDENTAL DEATH BENEFIT** section of the policy it states:

*"When we receive due proof that a Covered Person dies, we will pay the benefit shown on the Schedule of Benefits to his named Beneficiary; provided:*

*(1)   death occurs as a direct result of an Injury; and*
*(2)   death occurs within 365 days of the accident causing the Injury."*

Under the **DEFINITIONS** section of the policy it states:

*"INJURY means bodily injury caused by an accident. The accident must occur while the Covered Person's insurance is in force under the Policy. The Injury must be the direct cause of the Loss and must be independent of all other causes. The Injury must not be caused by or contributed to by Sickness."*

Under the **EXCLUSIONS** section of the policy it states:

*"We will not pay a benefit for a Loss which is caused by, results from, or contributed to by:*

* *Sickness or its medical or surgical treatment, including diagnosis."*

According to your father's death certificate, his immediate cause of death is shown as exanguination due to or as a consequence of blunt force injury of the head with other significant conditions contributing to death but not resulting in the underlying cause given as vertigo, alcoholic dilated cardiomyopathy and the manner of death is shown as an "accident". As a part of our investigation of the claim we ordered the medical records from Dr. William Bucy and the autopsy and toxicology reports from the Office of the Medical Examiner in Nashville, Tennessee.

According to the Germantown Police Department report that was submitted with the claim form, it shows that your father was found by a friend, Mr. Kendrick in his home lying on the sofa faced down and he was diseased. The police were notified and the officers observed no force entry on the residence and your father was transported to the medical examiner's office for exam.

November 29, 2007/ Page 2
Steve Stapleton, Sr.

The Autopsy Report that we received from the Medical Examiners Office under the Narrative Summary of Circumstances Surrounding Death shows that your father was said to have suffered from hypertension. It also states in part: "This investigator spoke with the decedent's son, Steve Stapleton Jr., who stated that his father suffered from hypertension and vertigo. Mr. Stapleton stated that the victims vertigo would come and go. He may go several months without any episodes and then he could have episodes for several days in a row. Mr. Stapleton stated it would was not uncommon for the victim to fall regularly due to vertigo."

Additionally, the Autopsy Report shows under Pathological Diagnosis: "Exanguination associated with blunt force injury of the head. A. Full thickness laceration of the forehead. B. Alcoholic dilated cardiomyopathy. C. Hepatic steatosis. D. Postmortem blood ethanol level of 426 mg/dl. E. Postmortem vitreous ethanol level of 523 mg/dl. F. History of chronic ethanolism. G. History of Vertigo. 1. Remote (old) contusion of the inferior left temporal lobe." Under Summary And Interpretation it states in part: "At postmortem examination, a full thickness laceration of the scalp was present over the left eye. Alcoholic dilated cardiomyopathy as well as hepatic steatosis are also present…The level of ethanol that is present in the postmortem blood and vitreous samples would be lethal to an individual who did not have chronic ethanolism. Evidence at the scene indicates that individual was most likely a regular consumer of ethanol. The gross autopsy findings along with the blood and vitreous ethanol level indicate chronic ethanolism. The most likely scenario is that in his state of intoxication this individual tripped and his head struck the corner of his coffee table resulting in a full thickness laceration to his forehead. It is most probable that the laceration resulted in significant blood loss secondary to a coagulopathy which is related to his hepatic steatosis. The blood loss may have triggered a cardiac arrhythmia due to the susceptibility related to the dilated cardiomyopathy."

Our Medical Consultant has reviewed the complete claim file and is of the opinion based on the medical records, the autopsy and toxicology reports that Mr. Stapleton's blood alcohol level of .426% would have affected the judgment and coordination while walking. Our Medical Consultant has concluded that Mr. Stapleton's death would not have occurred except for chronic alcoholism, alcohol liver disease, coagulopathy, acute alcohol intoxication complicated abnormal cardiac arrhythmia related to alcoholic heart disease. Extremely high alcohol levels at peripheral blood and vitreous where severe incapitation/ intoxication described with seizure activity, stupor, coma and death.

Based on the information submitted including the death certificate and the opinion of our Medical Consultant, there is no evidence that an accidental bodily injury was the direct cause of death or which lead to Mr. Stapleton's death. Since the policy specifically excludes death caused by, resulting from or contributed to by sickness or its medical or surgical treatment and alcohol intoxication, as defined in the state where the accident causing the Injury occurred, this loss is not covered. We are therefore unable to provide benefits for this loss and must deny the claim.

Naturally, we at Monumental Life are not pleased to advise you of this decision, but based on the facts, as we understand them, we believe our decision is proper. If you feel there are facts, which we may not have considered while evaluating the claims, please submit such information and we will be glad to review it.

Monumental Life retains the right to assert any other rights or defenses which may be available to it, whether arising out of the policy or otherwise.

If you have any questions regarding our decision, please feel free to contact me at 1-877-259-4574, extension 5622.

Sincerely,

*Kathy Furkins* ← 410-209-5622

Kathy Furkins
Claims Examiner
Life & Health Claims Department